## Del Vecchio *v.* Del Vecchio, Appellant.

618

Argued September 26, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (GUNTHER, J., absent).

George O'Dougherty, with him Joseph Alessandroni, for appellant.

Bernard R. Cohn, for appellee.

OPINION BY RENO, J., November 15, 1951:

Our independent study of the testimony confirms the conclusion reached by the master, approved by the court below, which granted a divorce against the wife-appellant on the ground of indignities. Determination of the main issue depended upon a subsidiary finding on the credibility of the witnesses, and on that question the master found veracity on plaintiff's side. His conclusion was based upon glaring contradictions, inherent improbabilities, and the appearance and demeanor

of defendant and her witnesses, and his judgment on that score is entitled to highest consideration. *Smith v. Smith,* 157 Pa. Superior Ct. 582, 43 A. 2d 371; *Tatem v. Tatem,* 164 Pa. Superior Ct. 307, 64 A. 2d 514. Upon defendant's exceptions, the master's report was analyzed in an exhaustive and critical opinion by able Judge MacNeille, and little can be added to his lucid exposition.

The parties were natives of Italy. At the time of the hearing he was 71 years old; she 50; and both had been previously married. They were married in 1947; and dissensions arose in 1950, the basic cause of which was his refusal to convey his properties to her, which, as she told him, was the reason she married him. Motivated by greed, she called him vile and vulgar names, the least offensive of which was "crazy", "stupid", "senile"; threatened him with bodily harm and surreptitious murder; and several times assaulted him with a knife and a cane, although she did not actually strike him; and once she spat in his face. She withdrew from his society, would not sleep with him, but remained in the same house with him. This course of conduct, which evinced settled hatred and estrangement and constituted indignities, was not of great duration, but it was long and severe enough to render plaintiff's condition intolerable and life burdensome. As Judge MacNeille, sagely observed: "In the twilight of life the law does not require so lengthy a course of conduct that death becomes the effective form of relief from marital mistreatment."

Defendant denied that she had demanded conveyance of her husband's properties; yet one of her own witnesses testified: "I would say what the disruption was, it was concerning some property." Defendant attributed their marital difficulties to plaintiff's demands for unnatural sexual relations. Her testimony, lengthy and lurid, lacked both corroboration and the stamp of

truth. This infamous charge, easily alleged and difficult to refute, must always be circumspectly scrutinized. *Bates v. Bates,* 153 Pa. Superior Ct. 133, 33 A. 2d 281. Without further discussion, and for the same reasons adduced by the master and the reviewing judge, our independent conclusion rejects defendant's version of the source of the marital controversies.

Plaintiff continued to reside with defendant in his own home, and this might raise a doubt concerning the severity of the indignities, *Fawcett v. Fawcett,* 159 Pa. Superior Ct. 185, 48 A. 2d 23, but, in the circumstances, he was not obliged to leave his house in order to qualify for a divorce. *Kimmel v. Kimmel,* 160 Pa. Superior Ct. 538, 52 A. 2d 245.

Decree affirmed.